OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be reversed, defendant’s motion to dismiss granted and the information dismissed.
Defendant refuse container company, whose employee placed a dumpster on an asphalt roadway without first laying protective planking, cannot be charged with a violation of former section 19-122 of the Administrative Code of the City of New York* as that penal statute, which is ambiguous at best, applies on its face to "builders,” not to equipment "owners” such as defendant (see, Administrative Code § 19-122 M [3]).
We conclude that the "Restrictions” listed in subdivision (d) of the former statute, including the planking requirement (see, Administrative Code § 19-122 [d] [2]), relate to the permits issued to builders under subdivision (a). This conclusion is buttressed by the fact that subdivision (d) (2) additionally requires that every permit contain a notice that protective planking is required. Were this provision not limited in application to "builders,” the broad statutory language would subject to criminal penalties "any person” who places any *862 "equipment” in the street without protective planking. Such a far-reaching result could not have been the intent of the City Council.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order reversed, etc.

 Effective January 27, 1994, the New York City Council has amended the Administrative Code to impose liability upon owners of commercial refuse containers for failure to protect the street with planking or other protective covering (see, Local Laws, 1993, No. 104; Administrative Code § 19-123 [1993]).